IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID M. DAVID, | ) | No. C 09-5934 LHK (PR) |
| Petitioner, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) | |
| TIMOTHY M. LOCKWOOD, Director of Corrections, | ) ) ) | |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding *pro se*, has filed his third amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Upon review of the third amended petition, the Court DISMISSES the petition with leave to amend.

**DISCUSSION**

**A.   Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose*

---

[1] Petitioner originally commenced this action on December 17, 2009. (Dkt. No. 1.) He then filed an amended petition on April 7, 2010. (Dkt. No. 9.) Subsequently, he filed a second amended petition on June 21, 2010. (Dkt. No. 12.) On June 25, 2010, the Court dismissed the petitions with leave to amend and directed Petitioner to file one operative petition.

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\HC.09\David934dwla.wpd

1 | *v. Hodges*, 423 U.S. 19, 21 (1975).

2 |     A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.   Analysis**

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must clearly "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases.

In its present form, the Petitioner's third amended petition is not manageable; it will be dismissed with leave to amend to allow Petitioner to present all his legal claims and their supporting facts challenging his criminal convictions in one short document entitled Fourth Amended Petition. Without setting a rigid page limit, it seems unlikely that more than fifteen (15) pages would be necessary to set out even complex claims. If Petitioner wishes to present argument and further develop the facts, he may do so in a separate memorandum or brief in support of the fourth amended petition.

Petitioner is advised that an application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b) & (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Should Petitioner file a Fourth Amended Petition containing only exhausted claims, he is further advised that the rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name as the respondent the "'state officer having

custody'" of him. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing § 2254 Cases). This person typically is the warden of the facility in which the petitioner is incarcerated. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

## CONCLUSION

1. The action is DISMISSED with leave to amend **within thirty (30) days** from the date of this order. The amendment must include the caption and civil case number used in this order and the words FOURTH AMENDED PETITION on the first page. **Failure to amend in accordance with this order and within the designated time will result in the dismissal of the case. The Fourth Amended Petition will completely replace the previous petitions. Petitioner must include in it all the claims he wishes to present. He may not incorporate any other document by reference.**

2. The Clerk is directed to send Petitioner a copy of this Order, along with two (2) blank court-approved forms for a petition for writ of habeas corpus challenging a state court judgment under 28 U.S.C. § 2254.

3. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: __8/26/2010_____        _____*Lucy H. Koh*_____
                                        LUCY H. KOH
                                        United States District Judge