IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. DAVID,<br><br>        Petitioner,<br><br>  vs.<br><br>WILLIAM KNIPP, Warden,<br><br>        Respondent. | No. C 09-5934 LHK (PR)<br><br>ORDER GRANTING MOTION TO CHANGE VENUE<br><br><br>(Docket No. 28) |

Petitioner, proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1991 state convictions. On November 1, 2010, Petitioner filed a fourth amended petition. On December 17, 2010, the Court noted that it appeared that Petitioner's action may be time-barred, and directed Respondent to file a motion to dismiss, or notice that such a motion was unwarranted. Respondent has filed a motion to dismiss and motion to change venue. Petitioner has filed an opposition. Respondent has filed a reply, and Petitioner has filed an opposition to that reply.

**BACKGROUND**

In 1991, Petitioner was convicted of two counts of oral copulation of a minor under the age of 16, in Alameda County Superior Court. Petitioner appealed his convictions, which were affirmed by the state appellate court. On March 10, 1991, the California Supreme Court denied review. Petitioner was discharged from parole from his Alameda County conviction and

Order Granting Motion to Change Venue
P:\PRO-SE\SJ.LHK\HC.09\David934trans.wpd

1  sentence in January 1997.  (MTD, Ex. IV.)

2  In 2002, Petitioner was convicted in Los Angeles County Superior Court on several
3  counts of committing a lewd act.  He was sentenced to a term of 32 years plus 45 years to life,
4  with enhancement allegations based on one of the Alameda County prior convictions.  The
5  California Court of Appeal affirmed the judgment.  The California Supreme Court subsequently
6  denied direct review on May 20, 2009.  Petitioner has filed several state habeas petitions
7  challenging the prior Alameda County convictions, and they have all been denied, several on the
8  ground that they were untimely.

9  Petitioner brought the instant federal action on December 17, 2009.  In his fourth
10 amended petition, he appears to argue that his 1991 Alameda County convictions were improper
11 because he is actually innocent of those crimes, and the convictions should not have been used to
12 influence his Los Angeles conviction, nor enhance his Los Angeles sentence.

## DISCUSSION

The federal writ of habeas corpus is available only to persons in custody at the time the petition is filed.  *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).  The "in custody" requirement is jurisdictional.  *Id.*  A petitioner challenging in habeas the validity of an expired conviction which he maintains is being used as a predicate or enhancement to his current confinement or sentence satisfies the custody requirement, even if he is no longer in custody for the prior conviction.  *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001); *Maleng v. Cook*, 490 U.S. 488, 493-94 (1989).  Such a challenge is construed as an attack on the petitioner's current confinement or sentence.  *See Coss*, 532 U.S. at 401-02 (challenge to constitutionality of 1958 expired conviction construed as challenge to current 1978 sentences enhanced by 1958 conviction).  The federal courts are required to liberally construe a challenge to a prior conviction in this fashion, i.e. in the context of an attack on current custody.  *See Brock v. Weston*, 31 F.3d 887, 889-91 (9th Cir. 1994) (challenge to expired 1974 assault conviction must be construed as challenge to current civil confinement predicated upon prior conviction); *see also Allen v. Oregon*, 153 F.3d 1046, 1048-49 (9th Cir. 1998) (challenge to prior state convictions must be construed as collateral attack on current

1 federal sentence enhanced by prior state convictions).

2     In limiting its holding in *Maleng* to the narrow issue of custody, the Supreme Court
3 expressed no view on the extent to which the expired conviction itself could be subject to
4 challenge in the attack upon the later sentences it was used to enhance. *See Maleng*, 490 U.S. at
5 494. In two subsequent cases, the Supreme Court determined that the expired conviction itself
6 could not be challenged in an attack upon the later sentence it was used to enhance. *See Coss*,
7 532 U.S. at 403-04 (prior conviction cannot be challenged in a § 2254 petition); *Daniels v.*
8 *United States*, 532 U.S. 374, 382-83 (2001) (prior conviction cannot be challenged in a § 2255
9 motion). With respect to state convictions, the Court stated:

10     "[O]nce a state conviction is no longer open to direct or collateral attack in its
11 own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a
12 criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction
13 was unconstitutionally obtained."

14 *Coss*, 532 U.S. at 403-04 (citation omitted).

15     Rather than determine the extent of Petitioner's claim regarding his prior convictions and
16 whether he satisfies any exception to the general rule in *Coss*, the Court finds that Petitioner's
17 action should not proceed in this court. The Northern District is not the proper venue for his
18 claim. Pursuant to 28 U.S.C. § 2241(d), venue for a habeas action is proper in either the district
19 of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d). In the instant action, the
20 Northern District of California is neither the district of confinement nor the district of conviction.
21 Specifically, Mule Creek State Prison, where petitioner is confined, is located in Ione, California,
22 which is located in Amador County; Amador County is located within the venue of the Eastern
23 District of California. *See* 28 U.S.C. § 84(b). Additionally, Los Angeles County, where
24 Petitioner was convicted, is located within the venue of the Central District of California. *See* 28
25 U.S.C. § 84(c).

26     When venue is improper, the district court has the discretion to either dismiss the action
27 or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a). As federal courts in California
28 traditionally have chosen to hear petitions challenging a conviction or sentence in the district of

Order Granting Motion to Change Venue
P:\PRO-SE\SJ.LHK\HC.09\David934trans.wpd     3

1  conviction, *see Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993); *Laue v. Nelson*,
2  279 F. Supp. 265, 266 (N.D. Cal. 1968), the above-titled action is hereby TRANSFERRED, in
3  the interest of justice, to the district of conviction, the United States District Court for the Central
4  District of California.

## CONCLUSION

Respondent's motion to change venue (docket no. 28) is GRANTED. The Clerk shall TRANSFER this action to the United States District Court for the Central District of California.

IT IS SO ORDERED.

DATED: 10/6/11

*Lucy H. Koh*
LUCY H. KOH
United States District Judge